UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20374-CR-ALTMAN/REID

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**JOAN MANUEL ESTADELLA,**

        **Defendant.**

_____/

## DETENTION ORDER

    Pursuant to 18 U.S.C. § 3142(f), on August 27, 2021, a hearing was held to determine whether defendant **JOAN MANUEL ESTADELLA** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **JOAN MANUEL ESTADELLA** be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.  The defendant is charged by indictment in the Southern District of Florida, with two counts of possession of a firearm and ammunition by a convicted felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), possession of a controlled substance with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1) and possession of a firearm in furtherance of a drug-trafficking

crime in violation of Title 18, United States Code, Section 924(c). Therefore, the defendant is charged with a narcotics offense for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Title 18, United States Code, Section 3142(e) and (f).

    2.  The weight of the evidence against the defendant is substantial. The government proffered that on November 28, 2020, the defendant and another individual, Mr. Maldonado, approached a motel room where Maldonado's girlfriend was present. The defendant and Mr. Maldonado wore ski masks. The defendant displayed a dark firearm. Mr. Maldonado was carrying a purple firearm. The defendant and Mr. Maldonado attempted to forcibly enter the motel room and during the struggle, Mr. Maldonado fired a shot into the motel room. The defendant, Mr. Maldonado and Mr. Maldonado's girlfriend left the motel in the defendant's work van. The motel surveillance video captured the incident.

    Law enforcement officers searched the defendant's home where they recovered a purple firearm and a dark firearm similar to the firearm displayed by the defendant during the incident at the motel. Law enforcement officers also recovered from the defendant's home 30 bags of methamphetamine, a money counter and other paraphernalia associated with drug distribution.

    The defendant subsequently made a spontaneous statement indicating, at least in part, that he had participated in the shooting at the motel.

The defendant has previously been convicted of a felony. Title 18, United States Code, Section 3142(g)(3)(A).

3.  The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on May 10, 1975 in Cuba. The defendant has an extensive criminal history consisting of approximately 20 arrests in 30 years, including arrests for second degree murder, aggravated battery, burglary and several narcotics violations. The defendant was arrested on state charges for the instant offense and, while the defendant was on bond, law enforcement officers discovered two stolen motorcycles in the defendant's trailer. Title 18, United States Code, Section 3142(g)(3)(A).

4.  Based on the defendant's use of a firearm to threaten another person in the instant case, his extensive criminal history and the defendant's possession of stolen motorcycles while out on bond, the Court believes that the defendant will continue to participate in unlawful activities if released on bond and constitutes a danger to persons in the community. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **27th** day of August, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE